UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FLIGHTCAR, INC.,<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY OF MILLBRAE, and DOE 1 through DOE 50,<br><br>    Defendants. | Case No: C 13-5802 SBA<br><br>**ORDER DENYING DEFENDANT'S ADMINISTRATIVE MOTION**<br><br>Dkt. 41 |

    Plaintiff FlightCar, Inc., filed the instant action against the Defendant City of Millbrae to challenge its revocation of Plaintiff's Conditional Use Permit ("CUP"). The Amended Petition/Complaint alleges claims for: (1) a writ of mandate pursuant to Cal. Civ. Code § 1085; (2) a writ of mandate pursuant to Cal. Civ. Code § 1094.5; (3) violation of 42 U.S.C. § 1983 for deprivation of due process and equal protection, violation of the first amendment and for unlawful taking; (4) inverse condemnation; and (5) declaratory relief. Dkt. 40. On June 24, 2014, the Court entered a scheduling order pursuant to Federal Rule of Civil Procedure 16, which, inter alia, scheduled a trial date of October 26, 2015. Dkt. 38. The Court referred the action to Magistrate Judge Laurel Beeler for an early mandatory settlement conference to take place within 90 days of the case management conference. Dkt. 37.

Defendant has now filed a Motion for Administrative Relief Re:  Setting the Briefing Schedule for Plaintiff's Writ of Mandate; Stay of Discovery Pending Writ Resolution.  Dkt. 41.  In particular, Defendant seeks the imposition of a briefing schedule for the early resolution of Plaintiff's mandamus claims (i.e., the first and second claims) and to stay discovery in the action until those claims are resolved.  Dkt. 41.  According to Defendant, the mandamus claims will finally determine whether the CUP revocation was proper, and that such determination will be dispositive of Plaintiff's remaining claims for damages.  Defendant further contends that because no discovery is necessary in a mandamus action, the Court should direct the parties to brief the mandamus claims on an expedited basis.

The Court finds that Defendant has failed to establish good cause for the early resolution of Plaintiff's mandamus claims.  Despite Defendant's suggestion to the contrary, state law mandamus proceedings do not have preclusive effect on § 1983 claims.  See Honey v. Distelrath, 195 F.3d 531 (9th Cir. 1999) (holding that mandamus actions cannot bar subsequent § 1983 claims); Weinberg v. Whatcom Cnty., 241 F.3d 746 (9th Cir. 2001) (citing Honey with approval and finding that a mandamus action cannot be the basis of a later claim preclusion bar).  That aside, Defendant has failed to make a persuasive showing that an early and separate resolution of Plaintiff's mandamus claims will promote judicial economy or serve the interests of justice.  Accordingly,

IT IS HEREBY ORDERED THAT Defendant's administrative motion is DENIED.

IT IS SO ORDERED.

Dated:  July 25, 2014

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge